May it please the Court, Mr. Baldwin, on behalf of the Plaintiffs and Appellants, I would ask to reserve two minutes for rebuttal, and I hope I've at least come close to meeting your honors. Your Honor, quite honestly, we view our two cases as pretty straightforward falsity cases under the California Consumer Fraud Laws. Both allege that the defendants in each of the cases made false statements about the level of proof that they had to support the benefit claims that they made on their labeling. And I understand that. I guess what I'm troubled with is, as you know, it seems like you're alleging a lack of substantiation claim. I'm sure you're not surprised for me to ask that. So my question to you is, why isn't that what we've got here? And if it is, how do you have a case? You can't incorporate the Establishment Claim Standards in a claim, can you? Well, Your Honor, we didn't really intend to incorporate the Establishment Claim Standards. There was my analogy behind those. But, Your Honor, you pose an interesting question. And my answer to the question is, no, this is not a lack of substantiation case. But I just want to make a comment, and, you know, we matched it in a footnote before we both reached Your Honor. The real problem here, okay, is the King-Bio case. And I know maybe this is not the appropriate case for the court to decide this, or maybe it is since you do decide things in the home, but the King-Bio case has been automatically applied by federal district courts as if it is the pronouncement of the highest court of the state of California when it's not. And under Erie, federal courts, the district courts, and this court are obligated to determine what the highest court would decide. Is there a higher court that has decided the case? No. So, are district court judges that have looked at the highest law in California, pronouncing the California law, is that what they should be doing? Well, Your Honor, I mean, they could try and send a request for a determination, and it's on the Supreme Court, but it wouldn't go anywhere because under our rules, California will only accept that from this court. So, they had to make a decision what the California law is. They looked at the highest California law that exists to make a decision. Why should they be reversed for that? Well, Your Honor, and again, I started thinking about this when I was referring to oral argument, and I apologize, and I'm raising it now. But in answer to your question, at least as I understand it from my insertion of precedent, the district courts, along with this court, are obligated to determine in the actions of the highest court, the California Supreme Court, deciding the issue, to determine what the highest court in the state would decide, not what an intermediary court may have decided. I mean, we would take a step back and say, the only court that's decided in California what the California law is, is wrong, and we'll make a different decision. Any law will be different. In any state, if there is an end or no end, it would be a new area for me to get into. Well, Your Honor, you know, I'm getting up there, and I'm going to turn 65 in a couple weeks, but I think you're a fair lad. And that's what I was going to try to say in a very nice way. So I'm not going to try to pull rank on you. I'm 88, so I quit. So, again, I looked at the law, and the law seems pretty clear from my insertion that what is supposed to happen is that you're supposed to determine what the highest court would determine. That's always true. You know, I'm not going to try to introduce it there. And, again, case law, you know, they say, well, what would the North Dakota Supreme Court and the Minnesota Supreme Court and the Iowa Supreme Court, what would they say? All right. The Iowa law, what does the law deserve? I mean, an appellate court saying nothing there. And I find a case written by the Eighth Circuit that says, we predict that Iowa law is X. You know, there's some, I mean, that's a lot more than what I know generally. And as far as the judge, I'm always going to say, well, there's a court that says they think this is it. And whether it binds you or not, are we really saying it's a reverse player for the judge to say, I think that they've got it right, King, Iowa? Well, that's interesting that you should say it that way, because if you take a look at all of the federal district court cases that apply to King, Iowa, and I believe the first one is the Frazier case, F-R-A-K-E-R. Not one of them did any analysis to say, well, we think King, Iowa got it right. They just applied it without any analysis. And that's why I raised it with your Honor, because I really do think the fundamental problem is that King, Iowa is wrong. But I want to go back to your initial question as to before you do that, I want to be sure I understand. Is it your position that if King, Iowa is not overcharged by the issue, there is? No. That's why I was going to go back to your first question. Oh, okay. I just was pointing out that I think there's a lot of public policy. There's a lot of California statute interpretation and purposes. I think King, Iowa is wrong under the California statutes. But our case is not a legislation case. Our case is a false case. There is one thing when a seller says our product does A under the King, Iowa decision. If that's all they said, then one could not pursue a legislation claim against that seller. But King, Iowa expressly stated they were not reaching our case. Our case is that a seller says it does A. And by the way, it's clinically proven. And there's other proofs that it does these things. That's when the seller takes the step to go one step further and represent a level of proof as to the fact that their product does A. Then they've taken themselves out of whatever safe harbor one wants to call King, Iowa. And now that statement becomes tested under the false of these standards. I don't see that as a safe harbor. What King, Iowa calls is that a California law, you can't make the challenge because they specifically said it's the attorney general and certain other officers. So it's not a safe harbor. Who gets to comply? Yeah, and I could go into why that's wrong. But the point is, I'm sorry if I used the word safe harbor. What I meant to say is that if all a seller says is our product does A, then if King, Biola is applied, then there is no cause of action under a law called landless substantiation claim. But King, Biola itself said we're not going to address the situation where the seller says our product does A, and it's clinically proven. They expressly stated they weren't going to. So there's no California law on this point, and thus this court and the district court were free to decide what the highest court in the state would decide. And I said that is what the case stated. The case said not only that you can, and I also say who can. I understand. It's just a straight landless substantiation case. The King, Biola court says that if a seller says our product does A and they apply landless substantiation. And there's no evidence. No, no. What King, Biola says is if somebody says their product does A and they lack sufficient evidence, then only the attorney general or other governmental attorneys can bring a case. I mean, that's wrong, but that's what King, Biola says. But King, Biola expressly reserved the question and said they were not drawing on situations where a seller says our product does A and it's clinically proven. King, Biola said they were not touching that. Therefore, King, Biola doesn't apply to this case. This case is the case where the sellers have said our product does A and, by the way, it's clinically proven. But not substantiated, doesn't that really mean that there's a question of what evidence does our client have that would suggest that the claim is, in fact, false? And it's not generally good enough to say we don't like your study. And when they told your client that they had the right to amend their complaint and plead specific facts, studies and other information to raise the question as to, truly, falsity as opposed to we just like your study, you didn't plead those facts with any great specificity. Am I wrong on that? Your Honor, I don't want to say that outright, but I believe that our second amendment complaint sets forth in great detail why the one study that may potentially exist might do. It's not clear it even exists. It has never been reported, so we don't know whether it's just completely tabernated by the defendant. But that one study, as we know it, is completely unreliable and incompetent for a clinically tested, proven claim. And we plead it in great detail. And we go further. We say that they've done extensive searches and consulted an expert to find out whether there's anything else in the public record domain that might constitute substantiation. Is that true of our case? Maybe, maybe not. But it certainly lends plausibility under ICMO, that statement that it's clinically proven is false. How would you treat paragraph five of your second amendment complaint? Doesn't that almost concede that you're alleging the lack of substantiation claim? Well, I don't have it memorized. I have dealt with the shops. And I'm willing to do a 36-day commissary without all these evils. Your Honor, I think we did allege, oh, by the way, we did allege substantiation. But that's merely to preserve our record. Because we do believe that that's a valid claim. You say it lacks substantiation. It's not a substantiation claim. Well, you could plead on the alternative. And that was plead on the alternative. We do make it very clear that we're attacking the falsity of the clinically proven and other level of claims that we've alleged in the complaints. And, again, I don't think the court's bound by King Bile on this issue. At least King Bile said that. Your Honor, I would kind of like to get your answer to what my colleague asked earlier. I share his understanding that we're the ones that basically when we're dealing with, say, California law, we can look at whatever law, whether it's court of appeals or I've seen situations where we've even looked at trial court decisions kind of strung together as well as the California Supreme Court to determine if it's clear what we think California law is. We, of course, have the right to certify to the Supreme Court of California, and it may or may not take it. But it sounded like your position was we said you couldn't rely upon a court of appeal decision, and neither can the trial court. Do you have any case law, any rule that you can cite us to that says that we've been doing it wrong? Well, Your Honor, it wasn't an emphasis in the brief, and it's not something that I just picked up on in preparing for argument. If Your Honor would like a short brief on that, we can look for it and provide you with what we believe is the justification for your doing it. I think it is justified. Oh, you're literally jailed or have to work another second. I'm going to say, shh, they're all doing it. What I'll assume is you're going to get to an area in general where you agree with the court. I mean, that's way into the argument. And I accept your argument's comment. And if that's the way the court wants to go, I accept it. And I stand on my initial argument, which as came about does not bind this court in determining the issues presented in this case. You see, I've got a new answer. Or the opposite. Okay, great. Okay, we'll hear from you. Another slide, please. Morning. My name is Jason. I'm the resultant. I represent the defendants in the underlying actions. There are five things that the plaintiff would have to convince this court to do, the plaintiffs would have to convince this court to do in order to overrule the underlying decision in this case. The first thing that the plaintiffs would have to convince the court is that the product says something that it doesn't on its label in advertising. Specifically, that it is clinically proven. It doesn't say that anywhere. Counsel, in his oral argument and in the briefs, have repeatedly said that the claim is made about the product that it is clinically proven. It's not always clinically tested. That is factually accurate. There is a test which is referred to in the complaint, which was conducted at the Pennington Research Institute at Louisiana State University. And the result of that test was that the participants had an average of a 682% increase in their growth hormone level. That's in the record. That is in the record. That's in the allegations that the plaintiff's complained to. The plaintiff's charge here is that that is an inadequate study. Specifically for this case, they say it's not just, when we say clinically tested, it means it's clinically proven. Well, if that were the case, I suppose we do, in fact, have clinical proof. There's a study. A test means study. For a court, a test means proof. And proof means test. Then there is a test. It's literally just a statement. But even assuming that the court accepts the argument, they run into the King-Lion case, which is very clear that in the state of California, like it or not, individual plaintiffs cannot bring causes of action for a lack of substantiation. That right is given exclusively to the attorney general. And it's not just given to the attorney general. The FTC and the FDA also regulate and have the right to jail of substantiation. It's interesting because this is actually playing out right now in one of the cases where the California district courts have argued that any claim based on lack of substantiation only can go forward to the California Superior Court. California, sorry, United States District Court from the Northern District of California. Well, we've had several district courts have gone different ways on this issue. The majority have followed what you have indicated as your position. But there is a minority also, and I suspect, even though this is California law, very often we don't publish decisions on California law. We do have a problem with strange opinions and a difference of point of view. So we're going to, I suppose, we're going to have to make a determination in combining a valid argument that's being made by the opposite, your opposition, because there are district courts that have held that. But there is a minority. I have an argument for that. That's the real decision. In that case, it was the case against Johnston & Johnson, and in that case the court denied a motion to dismiss because it felt that there was additional evidence of fraud. That was my understanding of the case. But it didn't, it didn't, it was limiting its decision of whether it ought to dismiss the case under Tom Lee's Act law, not whether Team Bio applied it. If you look at the cases, there's actually at least three decisions where this exact argument has been made and rejected by a district court. By a district court, Marshall, Maloney, and the Racy's case. The Racy's case is the one I like to focus on because that's the one against a company called Quincy Bioscience. In that case, the court ran a summary judgment harshly dismissing the motion to dismiss, harshly dismissing the plaintiff's claims. It was actually represented by a counsel here. In that case, the court held that under Team Bio, a substantiation claim could not go forward. There were certain allegations all based on lack of substantiation. Interestingly, just last week, the FTC and the Attorney General of the making essentially exactly the same allegations that had been made in the Racy's case, but under an administrative procedure where the FTC approved a suit being filed, which was ultimately filed in the Southern District of New York. The scheme that has been created, this is by the state of California, is consistent with the overall administration of substantiation claims. Basically, what happens is the FDA and the FTC can enforce substantiation rules, as well as the Attorney General of various states, including the state of California, and the system works. What the plaintiff's grasping for is for basically the system to be reversed. It's asking to be brought in and given a claim that it doesn't have under the law. I'm saying this balance has been created by numerous states and seeking a claim that simply doesn't exist under the law. So can I just interrupt you for one minute? I'd like to get your position regarding the Team Bio case and what our role should be. Are we bound by Team Bio? Can we make our own determination? What does the Supreme Court of California would do if it weren't faced with it? Where do we stand on that? My understanding of the law, and this wasn't briefed, at least I thought it was when we'd seen it, is that the court within the Ninth Circuit is bound to follow the highest court that has ruled on an issue. In this case, the court of appeals in the state of California. There's no higher court. On that point, this case was, the Team Bio case, I believe, was 2006. 2003. It has not, there's been in 13 years, no case that's come before any state court that's been reversed. The legislature in the state of California, they believe Team Bio was wrong to have amended the statutes because ultimately what Team Bio was doing was a statutory interpretation. The fact that it has remained untouched for that long indicates that it is consistent with the law of the state of California. Thank you. Basically, what the plaintiffs are trying to do, is to overturn Team Bio, in addition to overturning the state legislature instead of the statutory scheme, is import a concept from the Lab Act that simply doesn't exist in state law. And that is the distinction between establishment and non-establishment claims. The problem with this is that the Atlanta Act is not a consumer protection statute. It's a statute that deals with unfair competition and the protection of intellectual property. It has a long history of over 50 years of jurisprudence. There's a number of traditionally created causes of action in the Atlanta Act, including the lack of substantiation claim, but there's also balances that are in that system that don't exist in a class action system, like we're talking about here. For example, if you're a company and you bring an Atlanta Act case against a competitor, you can expect a counterclaim. You don't get counterclaims against class action plaintiffs. There's also defenses in the Atlanta Act cases that would not apply in class actions. For example, thumbs in the hands. So you're taking a legal doctrine out of the landscape that it has developed over 50 years and you're trying to import it into a foreign nation without all the other related doctrines that exist to balance out that idea. And that's dangerous, specifically when King Biles, when given the opportunity, did not import that concept. King Biles certainly could have said, and we're going to find there's a distinction between non-substantial claims and elected not to do so. Your opponent claims that there was no attempt, if I understood it correctly, there was no attempt to try to import anything from Atlanta but I'm quite sure he was positive. Well, I don't know where the concept comes from then because all the cases that he cites are either FTC, regulatory cases, which tend to be important from there because those are based on federal statutes more than the Atlanta Act. So I don't know where else it would come from unless you're one of those two places. That's because they cite one of the big cases that you say they're trying to incorporate the establishment claim concept. Yes. Now there's another problem with doing that. That's a standing issue for 50 years culminating in the Lexmark case just three years ago from the Supreme Court. The Supreme Court has significantly limited who can bring land in that case including who can bring an establishment claim case. And it's limited to competitors and there are a number of cases that say individual consumers cannot bring land in that case. So basically they're taking a cause of action and want to take a cause of action that exists under the Atlanta Act for which they have no claim as a matter of law, as a matter of standing and recreated the state of California when King Bio says no, those claims belong explicitly to the Attorney General. Was there anything in the games in the trial court in which your opposition claimed they were filing an Atlanta claim? So if in fact there is an issue it isn't a best case because it was never raised in the district court. Well, I guess my response to that Your Honor, would be that if the claim is disguised as an Atlanta Act claim you're saying there's an establishment claim and an non-establishment claim. That they have to be incorporating what they call an Atlanta Act claim but they do not, you're right, you're correct that they did not bring an Atlanta Act claim so the standing issue never came up. But that's in fact what they're trying to do. We interrupted you in your five I think it was three or five I'm happy to summarize your argument They're giving, they're reading a word into the claims that aren't there. They're attempting to overturn King Bio Your Honor, I have such warmth when you're doing this What they're saying is no, we're not really attempting as I understand their argument, we're not really attempting to overturn King Bio What we're arguing is there's an exception you can use other kinds of claims to establish the claim So what they're really asking the court to do giving the most charitable view to them is they're asking for a huge exception to King Bio for establishment claims They're saying we can make life a substantiation, we can say that your study isn't adequate, we can say that your study wasn't properly powered, we can say that your study didn't contain enough people as long as we call it an establishment claim but it's an exception to the law of the world The difficulty, it seems to me, is that King Bio doesn't come up with this idea out of the air. King Bio comes out of it because that's what the statute says King Bio isn't on its own, of course You're saying this is what the statute says That's absolutely correct, Your Honor It's merely an interpretation of a legislature, a legislative enactment that could have been changed by the legislature in the past 13 years that says that only the Attorney General has the right to bring an establishment claim in a state of California And there's nothing that happened in this case where that issue came up challenging the Court of Appeals Court of Appeal power to to make final pronouncements on the statute of the state of California That's correct, Your Honor Any members of the panel have any questions? I think we're going to lose my time Thank you, Your Honor First off, I just want to say that King Bio Court says the statute says that but the statute doesn't say that 17-508 is a section in the False Advertising Amendment not the UCL, not the CLRA and it talks about the fact that the Attorney General or government attorneys may bring an administrative proceeding to demand substantiation There are other provisions that allow both private plaintiffs and the Attorney Generals to bring litigation and there's nothing in those that qualifies this Now, we're not avoiding the layman here We're saying there's a concept The concept is when you make a false statement about something being clinically tested or proven It's a false statement Now, we allege in our complaint, yes they said clinically tested but we also allege that reasonable consumers would interpret that as being clinically proven And there's a lot of other responses I can make to the arguments of counsel but I just want you to think about one thing in the context here You're a consumer. You come to see a product on a shelf It says the product does a You believe based upon what the manufacturer says that it does what they say it does and you buy it That's what King Bio is eliminating It's letting people If I tell you, if I sell this pen and say that it will help your arthritis Well, okay, I got a lot of it It'll help my arthritis If I tell you it would help your joint pain I can sell this pen under the current state of the law and because no right-minded scientist who have a research position they can't do so under the private cost of action because nobody researches it in the slightest substantiation I think we have your time is up Thank you, I appreciate all your arguments Thank you very much gentlemen In case you just argued or submitted important things All participants today in the court will stand and recess for the day
judges: Wallace, M. Smith, Erickson